IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAGIR BHULLER, et. al., | |
| Plaintiffs, | |
| vs. | CIVIL ACTION NO. 06-00487 |
| GUIDANT CORPORATION and GUIDANT SALES CORPORATION, | |
| Defendants. | |

### DEFENDANTS' UNOPPOSED MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER TO MDL 1708

Defendants Guidant Corporation and Guidant Sales Corporation ("Defendants") hereby move the Court pursuant to Rule 6(b) of the Federal Rules of Civil Procedure to stay all proceedings -- including but not limited to (i) the time period for Defendants to answer or otherwise respond to Plaintiffs' Complaint, (ii) the period for initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure, (iii) the initial scheduling conference set for April 3rd, and (iv) other discovery and pretrial deadlines -- pending the Judicial Panel on Multidistrict Litigation's ("JPML") decision regarding transfer of Plaintiffs' claims against Defendants to MDL 1708. In support of this unopposed motion, Defendants state:

1.  Plaintiffs' claims in this action arise out of Plaintiffs Jagir Bhuller's, Roger-Guy Folly's, Jaycee Gardner's, Connie Jackson's and Ramsaran Sahu's implantations of allegedly-defective cardiac medical devices allegedly manufactured by Defendants.[1]

---

[1] Cardiac Pacemakers, Inc. ("CPI"), a wholly-owned subsidiary of Guidant Corporation, designed and manufactured the medical devices at issue in this case. Because Guidant Corporation played no part in the design, manufacture or distribution of these devices, it is an improper party to this suit and should be dismissed.

2. Over 200 cases involving allegedly-defective cardiac medical devices manufactured by Cardiac Pacemakers, Inc. have been filed in federal courts or removed to federal courts throughout the country. On November 7, 2005, the JPML established an MDL Court and began transferring cases involving these allegedly-defective cardiac devices to the United States District Court for the District of Minnesota for consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* Exhibit A. Among the primary purposes of consolidating these cases cited by the JPML was to conserve judicial resources and to avoid inconsistent rulings.

3. Proceedings involving claims such as those presented in this case are routinely stayed pending transfer to an MDL Court. *See, e.g., Casanova v. Guidant Corp., et al.,* No. 2:05-CV-4044 (E.D. La. Dec. 2, 2005) (Order Granting Stay, Lemelle, J.); *Messick v. Guidant Corp., et al.,* No. 2:05-CV-4017 (E.D. La. Nov. 30, 2005) (Order Granting Stay, Zainey, J.); *Haberle v. Guidant Corp., et al.,* No. 05-1456 (M.D. Fla. Nov. 4, 2005) (Order Granting Stay, Lazzara, J.); *Pepper v. Guidant Corp., et al.,* No. 05-1606 (M.D. Fla. Nov. 4, 2005) (Order Granting Stay, Kovachevich, J.); *Smith v. Guidant Corp.,* No. 05-728 (M.D. Fla. Nov. 8, 2005) (Order Granting Stay, Schlesinger, J.); *Rebone v. Guidant Corp., et al.,* No. 05-379 (M.D. Fla. Nov. 4, 2005) (Order Granting Stay, Jones, J.); *Cipolla v. Guidant Corp., et al.,* No. 4:05-CV-939 (W.D. Mo. Nov. 8, 2005) (Order Granting Stay, Whipple, J.); *Terry v. Guidant Corp., et al.,* No. 05-1007-CV (W.D. Mo. Dec. 1, 2005) (Order Granting Postponement, Wright, J.); *Micelli v. Guidant Corp., et al.,* No. 05-309 (N.D. Fla. Oct. 18, 2005) (Order Granting Extension, Rodgers, J.); *Lyle v. Guidant Corp., et al.,* No. 4:05-CV-00720 (M.D.N.C. Nov. 22, 2005) (Order Granting Extension, Eliason, J.); *Harkonen v. Guidant Corp., et al.,* No. 05-80851 (S.D. Fla. Nov. 1,

2005) (Order Granting Extension, Ryskamp, J.). *See* Exhibit B. Since the MDL Court was created, approximately 170 cases have been transferred or ordered to be transferred to that Court.

4. On March 17, Defendants notified the JPML that Plaintiffs' claims against Defendants are appropriate for transfer to the MDL Court. *See* Defendants 16th Notice of Potential Tag-Along Actions, attached as Exhibit C. Defendants expect that the JPML will transfer this case promptly.

5. A stay of all proceedings in this Court pending transfer is appropriate because such a stay will promote judicial economy and consistency. Transfer of this case will permit the MDL Court to decide consistently the many issues that are likely to arise in the cases pending against Defendants.

6. A stay in this Court pending transfer to the MDL Court will not prejudice Plaintiffs. Once Plaintiffs' claims are pending in the MDL Court, the parties will be subject to a rigorous pretrial schedule.

7. Defendants' counsel has conferred with Plaintiffs' counsel, who have no opposition to this Motion to Stay.

Respectfully Submitted,

/S/ Carlos E. Provencio
Carlos E. Provencio, Bar No. 461227
SHOOK, HARDY & BACON L.L.P.
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

OF COUNSEL:

Timothy A. Pratt
Deborah A. Moeller
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO  64108
Telephone:   (816) 474-6550
Telefax:      (816) 421-5547

ATTORNEYS FOR DEFENDANTS
GUIDANT CORPORATION AND
GUIDANT SALES CORPORATION

## CERTIFICATE OF SERVICE

   I hereby certify that I served a copy of the foregoing on Aaron M. Levine, Attorney for Plaintiffs, at Aaron M. Levine & Associates, 1320 19th Street, N.W., Suite 500, Washington, D.C. 20036, via Ordinary U.S. Mail this 22nd day of March, 2006.

                /S/ Carlos E. Provencio
              Carlos E. Provencio, Bar No. 461227
              ATTORNEY FOR DEFENDANTS